Filed 4/21/26  American Financial Center v. Nguyen CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| AMERICAN FINANCIAL CENTER, INC., <br><br> Plaintiff and Appellant, <br><br> v. <br><br> ANH THY SONG NGUYEN et al., <br><br> Defendants and Respondents. | G065437 <br><br> (Super. Ct. No. 30-2024-01413522) <br><br> O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Bradley S. Erdosi, Judge. Affirmed.

Law Offices of Malcolm R. Tator and Malcolm R. Tator for Plaintiff and Appellant.

Michael A. Younge, in pro. per., and for Defendants and Respondents.

Plaintiff American Financial Center, Inc. (American Financial) filed this action against defendants Anh Thy Song Nguyen and Michael A. Younge, asserting a cause of action for malicious prosecution based on an underlying action in which Nguyen sued American Financial and others. Younge is an attorney who represented Nguyen in the underlying action for some of that litigation. In the current action, Nguyen and Younge each filed a motion to strike under Code of Civil Procedure section 425.16 (anti-SLAPP motions).[1] The trial court granted both motions, and American Financial appealed. We conclude the trial court did not err and therefore affirm.

FACTUAL AND PROCEDURAL BACKGROUND

I.

THE UNDERLYING ACTION

The underlying action related to a property in Huntington Beach (the Huntington Beach property). Nguyen alleged that Megan Zucaro approached Nguyen about selling the Huntington Beach property, and Nguyen said she would sell it for $2.5 million. According to Nguyen, Zucaro offered to pay more if Nguyen agreed to carryback a loan. Nguyen alleged they agreed on the sale of the Huntington Beach property to Zucaro's company, Helping Others International, LLC (HOI), for $3,150,000, with United Lender, LLC (United Lender) providing a loan of approximately $1,950,000 in the first position, Nguyen providing a carryback loan for the difference, and Zucaro receiving a $150,000 commission. Nguyen alleged escrow closed on May 2, 2019. According to Nguyen, HOI did not make

---

[1] All undesignated statutory references are to the Code of Civil Procedure.

payments on Nguyen's loan, and in September 2019, United Lender caused its trustee to file a notice of default and election to sell.

Nguyen alleged the transaction was a fraudulent scheme in which Zucaro made money on the commissions and United Lender made money when Zucaro and HOI defaulted and United foreclosed on the property. Nguyen alleged United Lender and Zucaro have engaged in other, similarly fraudulent real estate transactions. Nguyen also alleged American Financial purportedly loaned $75,000 to HOI and obtained a third deed of trust on a different property in Agua Dulce that was one of the properties subject to a similar purportedly fraudulent scheme. Nguyen further alleged that on or about July 1, 2019, in connection with its $75,000 loan to HOI, American Financial obtained a third deed of trust purportedly in its favor on the Huntington Beach property.

On January 20, 2020, Nguyen, as trustee of the Mother Nature Trust, filed her first amended complaint in the underlying action, naming as defendants Zucaro, HOI, United Lender, American Financial, and several other defendants.[2] In addition to the claims asserted against the other defendants, Nguyen's first amended complaint asserted causes of action against American Financial for quiet title, cancellation of written instrument, declaratory relief, and unfair business practices. Attorney Andrew A. Smits was Nguyen's counsel of record on the first amended complaint.

In February 2020, the trial court granted Nguyen's motion for a preliminary injunction. The preliminary injunction enjoined all of the defendants (including Zucaro, United Lender, HOI, and American Financial)

_____

[2] The other defendants in the underlying action were Shawn Ahdoot, Albert A. Ahdoot, John B. Spear, and Western Fidelity Associates, LLC doing business as Western Fidelity Trustees.

3

"and their officers, employees, agents, and persons acting with them or on their behalf" "from conducting or proceeding with any foreclosure sale or trustee's sale for the [Huntington Beach property], affecting ownership of, or transferring any ownership interest in, the [Huntington Beach property] pending trial of this action or further order of this Court."

In April 2022, Nguyen (still acting as trustee of the Mother Nature Trust) filed her second amended complaint, and in June 2022, a third amended complaint. Both the second and third amended complaints asserted causes of action against American Financial for quiet title, cancellation of written instrument, and declaratory relief. The declaratory relief cause of action sought, among other things, a declaration cancelling American Financial's deed of trust. Younge was listed as Nguyen's counsel of record on the second and third amended complaints. Also in June 2022, the trial court entered an order approving the sale of the Huntington Beach property by a receiver.

In July 2022, American Financial filed a demurrer to Nguyen's third amended complaint, which Nguyen opposed. In September 2022, the trial court sustained American Financial's demurrer to the third amended complaint but only as to the cause of action for cancellation of written instrument; it overruled the demurrer as to the causes of action for quiet title and declaratory relief.

Also in September 2022, the trial court issued a separate order denying American Financial's motions for sanctions against Nguyen, Smits, and Younge for filing a frivolous lawsuit. The court concluded Nguyen's "lawsuit against [American Financial] is not objectively unreasonable" and "[t]he lawsuit against [American Financial] based on the Quieting Title and Declaratory Relief causes of action are legally and objectively reasonable."

4

In April 2023, the trial court granted American Financial's motion for summary judgment as to the two remaining causes of action against American Financial, for quiet title and declaratory relief. The court found the undisputed facts show "the Receiver sold the subject property to a bona fide purchaser free and clear of [Nguyen's] claims with [Nguyen's] approval" and Nguyen "cannot claim that [she] has an equitable or legal interest in the property according to Code of Civil Procedure section 760.010." The court thus concluded it "does not have a basis for adjudicating title in [Nguyen's] favor because [she] no longer has a legal or equitable interest in the subject property." The court entered judgment in favor of American Financial in July 2023.

## II.

### THE CURRENT ACTION

In July 2024, American Financial filed its complaint in this action against Nguyen, Younge, and Smits. The complaint asserts a single cause of action against all three defendants for malicious prosecution based on the underlying action. American Financial alleged "[n]o reasonable person in Defendants' circumstances would have believed that there were reasonable grounds to bring and/or continue prosecuting the lawsuit against [American Financial]," "Defendants acted with malice," and American Financial was harmed.

In September 2024, Younge and Nguyen each filed an anti-SLAPP motion.[3] They argued American Financial's action was a strategic lawsuit against public participation, and it could not prove malicious

_____

[3] Smits, the attorney who first represented Nguyen in the underlying action, also filed an anti-SLAPP motion, which the trial court granted. That order is not before us on this appeal.

5

prosecution because the underlying case was not terminated in its favor and the underlying action was initiated and maintained with probable cause and without malice.

In support of their motions, Younge and Nguyen also filed declarations and sought judicial notice of documents. Nguyen declared, among other things, she named American Financial as a defendant "based on (1) the prior fraudulent schemes of Zucaro and the Ahdoots (1) [*sic*] the filing of a $75,000 [d]eed of [t]rust on Nguyen's property that over-encumbered Nguyen's property (3) that the original $75,000 loan was based on a [d]eed of [t]rust recorded on a different property for the same loan to Zucaro [and] (4) there was coordination between Zucaro, the Ahdoots and [American Financial]."

Younge declared, among other things, "[w]hat stood out to [him] regarding [American Financial] is the loan of $75,000 by [American Financial] to Megan Zucaro on the [Agua Dulce] property with a $75,000 [d]eed of [t]rust recorded against the [Agua Dulce] Property and an additional [t]rust [d]eed of $75,000 on Nguyen's [Huntington Beach] property." He said American Financial's $75,000 deed of trust over encumbered the Huntington Beach property, and "Zucaro had multiple bankruptcy filings and defaults on her record, so it was perplexing that [American Financial] would have rendered this loan to Zucaro." He stated, "[b]ased on [his] research of the [Agua Dulce] transaction, [American Financial] did recover the $75,000 loan to Zucaro based on a foreclosure sale of the [Agua Dulce] property, but yet, [American Financial] refused to withdraw the [Huntington Beach] $75,000 [d]eed of [t]rust." He also said United Lender "had priority to foreclose on the [Agua Dulce] property, but yielded to [American Financial] which also enhanced [his] suspicion that [American Financial], United and Zucaro were

6

working together," and his "professional opinion was that [American Financial], Zucaro and United were working together to steal the equity in the [Huntington Beach] property."

In February 2025, American Financial filed its oppositions to the anti-SLAPP motions, along with supporting documents, which included declarations by Lori Eropkin (American Financial's counsel in the underlying action) and Mark Crittenden (chief executive officer and president of American Financial), objections to Nguyen's declaration, and a request for judicial notice of documents.

Crittenden declared, among other things, Zucaro had sought a $200,000 loan from American Financial for one of her businesses, Ascension Recovery Inc., but American Financial approved a loan of only $75,000 in July 2019. Crittenden said that loan "was a high risk, hard money loan," American Financial "received deeds of trust on the [Huntington Beach] property and what is called the Agua Dulce property in another city," and American Financial's deed of trust on the Huntington Beach property was in third position. Crittenden further stated American Financial "has no other history with [HOI], before or after the one transaction with two deeds of trust," and he had "never met or heard of Megan Zucaro/[HOI] prior to being referred to her in 2019 by a friend for this one business transaction." Crittenden denied planning a fraudulent scheme or equity theft. Crittenden also discussed his communications with Smits, in which he told Smits about American Financial's loan to Zucaro's company and that he "had never known of or dealt with her or her businesses prior to this one transaction" and "never knew of or had done any business transaction with United Lender in [his] life."

Eropkin's declaration described, among other things, her communications with Nguyen's attorneys, including that she had notified Smits that American Financial had made a $75,000 loan to Ascencion Recovery, Inc. after the challenged sale and had secured that loan in part by a deed of trust on the Huntington Beach property.

In March 2025, the trial court granted Nguyen's and Younge's anti-SLAPP motions. Regarding the first step of the anti-SLAPP inquiry, the trial court found "there is no dispute that the 'act' complained of—filing the underlying action—is protected activity under subdivision (e)(1) and (e)(2) [of section 425.16], which includes written or oral statements in a judicial proceeding." As to the second step of the anti-SLAPP inquiry, the court found American Financial could not meet its burden of demonstrating a probability of success on its malicious prosecution claim. The court found "the underlying action did not end with a 'legal termination favorable to the plaintiff,' for the purpose of a malicious prosecution claim," American Financial had failed to show a lack of probable cause, and American Financial had failed to show malice.

## DISCUSSION

### I.

#### LEGAL PRINCIPLES REGARDING ANTI-SLAPP MOTIONS

"Enacted by the Legislature in 1992, the anti-SLAPP statute is designed to protect defendants from meritless lawsuits that might chill the exercise of their rights to speak and petition on matters of public concern. [Citations.] To that end, the statute authorizes a special motion to strike claims 'arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the

8

California Constitution in connection with a public issue.' (§ 425.16, subd. (b)(1).)" (*Wilson v. Cable News Network, Inc.* (2019) 7 Cal.5th 871, 883–884.)

"'Resolution of an anti-SLAPP motion involves two steps. First, the defendant must establish that the challenged claim arises from activity protected by section 425.16. [Citation.] If the defendant makes the required showing, the burden shifts to the plaintiff to demonstrate the merit of the claim by establishing a probability of success. [The California Supreme Court has] described this second step as a "summary-judgment-like procedure." [Citation.] The court does not weigh evidence or resolve conflicting factual claims. Its inquiry is limited to whether the plaintiff has stated a legally sufficient claim and made a prima facie factual showing sufficient to sustain a favorable judgment. It accepts the plaintiff's evidence as true, and evaluates the defendant's showing only to determine if it defeats the plaintiff's claim as a matter of law. [Citation.] "[C]laims with the requisite minimal merit may proceed."' [Citation.] 'We review de novo the grant or denial of an anti-SLAPP motion.' [Citation.] As to the second step inquiry, a plaintiff seeking to demonstrate the merit of the claim 'may not rely solely on its complaint, even if verified; instead, its proof must be made upon competent admissible evidence.'" (*Sweetwater Union High School Dist. v. Gilbane Building Co.* (2019) 6 Cal.5th 931, 940.)

American Financial does not dispute on appeal that the first step of the anti-SLAPP inquiry is met. Thus, the only issue on this appeal is whether American Financial met its burden at the second step of the anti-SLAPP inquiry.

## II.

### THE SECOND STEP OF THE ANTI-SLAPP INQUIRY

The tort of malicious prosecution "consists of three elements. The underlying action must have been: (i) initiated or maintained by, or at the direction of, the defendant, and pursued to a legal termination in favor of the malicious prosecution plaintiff; (ii) initiated or maintained without probable cause; and (iii) initiated or maintained with malice." (*Parrish v. Latham & Watkins* (2017) 3 Cal.5th 767, 775.) "A malicious prosecution claim will also lie if the defendant brought 'an action charging multiple grounds of liability when some but not all of those grounds were asserted with malice and without probable cause.'" (*Id.* at p. 776, fn. 1.)

"In contrast to the existence of malice—a question of fact regarding 'the subjective intent or purpose with which [a litigant] acted in' prosecuting the underlying action—the existence of probable cause is a question of law to be determined as an objective matter. [Citation.] '[T]he probable cause element calls on the trial court to make an objective determination of the "reasonableness" of the defendant's conduct, i.e., to determine whether, on the basis of the facts known to the defendant, the institution of the prior action was legally tenable,' as opposed to whether the litigant subjectively believed the claim was tenable. [Citation.] A claim is unsupported by probable cause only if ""any reasonable attorney would agree [that it is] totally and completely without merit."" [Citations.] 'This rather lenient standard for bringing a civil action reflects "the important public policy of avoiding the chilling of novel or debatable legal claims."' [Citation.] The standard safeguards the right of both attorneys and their clients ""to present issues that are arguably correct, even if it is extremely unlikely that they will win.""" (*Parrish v. Latham & Watkins, supra*, 3 Cal.5th at p. 776.)

"'The "malice" element . . . relates to the *subjective intent or purpose* with which the defendant acted in initiating the prior action. [Citation.] The motive of the defendant must have been something other than that of bringing a perceived guilty person to justice or the satisfaction in a civil action of some personal or financial purpose. [Citation.] The plaintiff must plead and prove actual ill will *or* some *improper* ulterior motive.' [Citations.] Malice 'may range anywhere from open hostility to indifference. [Citations.] Malice may also be inferred from the facts establishing lack of probable cause.'" (*Soukup v. Law Offices of Herbert Hafif* (2006) 39 Cal.4th 260, 292.) "However, a lack of probable cause in the underlying action, by itself, is insufficient to show malice." (*Daniels v. Robbins* (2010) 182 Cal.App.4th 204, 225.) "'It has been pointed out that the "principal situations in which the civil proceedings are initiated for an improper purpose are those in which (1) the person initiating them does not believe that his claim may be held valid; (2) the proceedings are begun primarily because of hostility or ill will; (3) the proceedings are initiated solely for the purpose of depriving the person against whom they are initiated of a beneficial use of his property; (4) the proceedings are initiated for the purpose of forcing a settlement *which has no relation to the merits of the claim*."'" (*Zhang v. Chu* (2020) 46 Cal.App.5th 46, 52 (*Zhang*).)

Here, the trial court found American Financial could not meet its burden of showing minimal merit as to any of the three elements of its malicious prosecution claim. On appeal, American Financial argues the trial court erred in its determination on each element. Even assuming American Financial has established minimal merit as to whether there was a legal termination in its favor and a lack of probable cause, we conclude American

11

Financial did not meet its burden of showing minimal merit to its assertion that Nguyen and Younge acted with malice.[4]

We begin by noting that we do not understand American Financial to argue that Nguyen and Younge harbored ill will toward American Financial. Nor would the record on appeal support such a suggestion. There also is no evidence that supports an inference that Nguyen or Younge brought the claims against American Financial for some improper ulterior motive. As the trial court here noted, "the relief [Nguyen] sought against [American Financial] was consistent with the primary purpose of her suit, which was to 'unwind' the entire transaction with Zucaro, and, in turn, would necessarily require 'unwinding' the deed of trust [American Financial] had recorded against the property," and American Financial "was a necessary party to the relief Nguyen sought."

American Financial appears to recognize that "a lack of probable cause in the underlying action, by itself, is insufficient to show malice." (*Daniels v. Robbins, supra*, 182 Cal.App.4th at p. 225; see *Zhang, supra*, 46 Cal.App.5th at p. 57 [rejecting as "legally invalid" the argument that a finding of no probable cause should also satisfy the malice element].) Thus, American Financial asserts that malice is shown here "by lack of probable cause *coupled with* time, indifference, and an exorbitant demand." (Capitalizations and boldface omitted; italics added.)

---

[4] In light of our conclusion regarding the malice element, we need not address whether the trial court erred by finding American Financial also failed to bear its burden with respect to the other two elements of its malicious prosecution claim. Failure of evidence supporting just one of the three elements is fatal to American Financial's ability to show it has a probability of success on its malicious prosecution claim.

It appears American Financial's reference to an "exorbitant demand" refers to its argument—which cites to *Zhang, supra*, 46 Cal.App.5th at page 52—that "[h]ere malice is inferred from 'forcing a settlement which has no relationship to the merits of the claim.'" But American Financial does not include any record citation to support its assertion that Nguyen and Younge made, and then tried to force on it, a settlement demand that bore no relationship to the merits of Nguyen's claim. Indeed, American Financial does not even explain what settlement Nguyen and Younge purportedly tried to force on it. We therefore find this undeveloped argument to be forfeited.[5] (See *Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852 ["When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived"].)

To the extent American Financial is suggesting the "exorbitant demand" that supports an inference of malice is a claim by Nguyen for punitive damages against it, that argument fares no better. American Financial contends "Nguyen pursued her claim against American Financial for $3 million in punitive damages for 38 1/2 months (1/28/2020–4/18/2023)," but American Financial's citations to the record do not support this

---

[5] We note Nguyen's and Younge's appellate briefing states that Younge asked American Financial's counsel to withdraw the $75,000 deed of trust in exchange for dismissal, but American Financial refused to do so. To the extent American Financial is suggesting this request is the "exorbitant demand" that evidences malice, we disagree. The extinguishment of American Financial's deed of trust to the Huntington Beach property is the relief that Nguyen sought. (See *Zhang, supra*, 46 Cal.App.5th at p. 54 [noting "[t]o make a litigation motive improper, to make it 'malicious,' it takes more than a simple desire to win" and "[t]he attempt to force a settlement must be *unrelated to the merits*"].)

assertion.[6] This assertion appears to rely on a statement in Crittenden's declaration that, on January 28, 2020, Nguyen and Smits "filed a 'Notice and Plaintiffs Statement of Right to Seek Punitive Damages Against Defendant American Financial Center, Inc., pursuant to Civil Code section 3294,' reserving the right to seek $3,000,000 in punitive damages from [American Financial]." But American Financial did not include this notice as part of its filing in the trial court, and it does not appear to be part of the record on appeal. Moreover, American Financial does not assert a developed argument that Nguyen continued to seek punitive damages from American Financial in the second amended or third amended complaint. Indeed, in their respondent's briefs, Nguyen and Younge point to an email from Younge to American Financial's counsel in April 2022 in which Younge unequivocally stated Nguyen "is *not seeking punitive damages* against [American Financial] and there is no [r]equest or [p]rayer for [p]unitive [d]amages against [American Financial] in the [s]econd [a]mended [c]omplaint. If you perceive that there is a [r]equest or [p]rayer for punitive damages against [American Financial], then we can file a [s]tipulation to correct that perception or facts."[7] (Italics added.)

---

[6] As best we can make out, this also appears to be the basis for American Financial's argument that "time" supports an inference of malice. For the reasons explained, we also find this argument unavailing.

[7] In its reply brief, American Financial points to the cause of action for cancellation of instruments in the second amended complaint as support for its argument that Nguyen continued to seek $3 million in punitive damages from American Financial. We do not read the pleading that way. The prayer for relief on that cause of action in the second amended complaint sought "exemplary and punitive damages against Defendants that participated in the fraudulent scheme outlined above in an amount according to proof at trial." But American Financial was not named in the cause of

14

American Financial asserts that Nguyen and Younge's purported "indifference" implies malice. But American Financial's briefing on appeal does not support this. The argument section in American Financial's opening appellate brief that "malice is implied by lack of probable cause coupled with time, indifference, and an exorbitant demand" (capitalizations and boldface omitted) is barely a half-page long. Other than quoting *Cole v. Patricia A. Meyer & Associates, APC* (2012) 206 Cal.App.4th 1095, 1114 for the proposition that malice can be implied from "'attitudes that range from open hostility to indifference,'" it does not explain what Nguyen and Younge were indifferent to and how such purported indifference amounts to malice. In its conclusion to its opening appellate brief, American Financial asserts Nguyen and Younge were "pursuing a $3,000,000 recovery on a baseless theory for more than three years, indifferent to the obvious lack of connection between the amount demanded and the merits of their case." That argument regarding the purported amount demanded fails for the reasons already discussed.

action for fraud. Even if the prayer created some ambiguity about whether Nguyen was alleging that American Financial was one of the "Defendants that participated in the fraudulent scheme," American Financial fails to address the email Younge sent to American Financial's counsel in April 2022, shortly after the second amended complaint was filed, in which Younge stated plainly that Nguyen "is not seeking punitive damages" against American Financial. Although the prayer in the third amended complaint also stated that, for the cause of action for cancellation of written instruments, Nguyen sought "exemplary and punitive damages against Defendants that participated in the fraudulent scheme First Cause of Action outlined above in an amount according to proof at trial," again, American Financial was not named in the third amended complaint as a defendant on the first cause of action for fraud.

In its reply brief, American Financial quotes *Cuevas-Martinez v. Sun Salt Sand, Inc.* (2019) 35 Cal.App.5th 1109, 1122 for the proposition that "'[m]alice can be inferred when a party continues to prosecute an action after becoming aware that the action lacks probable cause.'" American Financial appears to be asserting Nguyen and her counsel acted with malice because it purportedly had explained to Nguyen's counsel why Nguyen's claims against it had no merit, but Nguyen failed to dismiss the action.

It is certainly not unusual for a party that has been sued to believe it has not acted wrongfully and to try to persuade the plaintiff not to proceed with litigation. But that does not mean plaintiffs are necessarily obliged to take a defendant's word for it and cease litigation. Nor do American Financial's protestations that it had not behaved culpably mean that, from that moment forward, Nguyen and Younge had actual knowledge or were indifferent to whether her claims had no possible merit in the underlying action here. On appeal, American Financial has failed to assert developed argument with applicable case authority regarding what elements were required for Nguyen's claims.[8] (See *Benach v. County of Los Angeles, supra*, 149 Cal.App.4th at p. 852 ["When an appellant fails to raise a point, or

---

[8] Although American Financial asserts it showed Nguyen's counsel it was not connected to the alleged fraudulent scheme, Nguyen did not name American Financial as a defendant on her cause of action for fraud. In its reply brief, American Financial also asserts its malicious prosecution claim is based on every complaint and includes the cause of action for unfair business practices, which American Financial says it defeated and was abandoned by Nguyen. American Financial's opening brief on appeal does not discuss the unfair business practices cause of action, and this argument is therefore forfeited. (See *Doe v. California Dept. of Justice* (2009) 173 Cal.App.4th 1095, 1115 ["'"the rule is that points raised in the reply brief for the first time will not be considered, unless good reason is shown for failure to present them before"'"].)

16

asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived"].) Additionally, we note that the trial court below *denied* American Financial's request that it impose monetary sanctions on Nguyen and Younge for bringing a frivolous lawsuit that was entirely without merit, finding that Nguyen's then-remaining claims for quiet title and declaratory relief "are legally and objectively reasonable."[9] We do not conclude that American Financial's evidence supports that Nguyen and Younge knew the claims were baseless but nevertheless proceeded to prosecute the action.

American Financial says this case "mirrors" *Medley Capital Corp. v. Security National Guaranty, Inc.* (2017) 17 Cal.App.5th 33 (*Medley*). We disagree. The facts in *Medley* are distinguishable.

In *Medley*, the underlying lawsuit concerned a dispute regarding a loan. (*Medley, supra*, 17 Cal.App.5th at pp. 37–39.) Security National Guaranty, Inc. (Security National) asserted a cross-complaint against the lender (Fourth Third LLC) and Medley Capital Corporation (MCC), alleging a fraud claim against MCC for agreeing to a discounted payoff on the loan but

_____

[9] American Financial also points to *Peterson v. Zhang* (2025) 116 Cal.App.5th 956, an opinion filed after the parties' appellate briefing was complete. In that case, the trial court in the underlying action denied a sanctions motion "in a one-sentence order that offered no reasoning." (*Id.* at p. 965.) In a subsequent malicious prosecution action, the appellate court affirmed the denial of an anti-SLAPP motion, noting its "main holding is that a discretionary sanctions ruling did not trigger the so-called 'interim adverse judgment rule,' which Zhang hoped would shield him from Peterson's malicious prosecution suit." (*Id.* at p. 960.) As an initial matter, we note the sanctions order here differs from the one-sentence order in *Peterson* because the trial court here provided its analysis and findings. In any event, the *Peterson* case is not controlling here, as we are not relying on the interim adverse judgment rule here, and our conclusion does not depend on whether the trial court's sanctions order is entitled to preclusive effect.

17

then refusing to honor that agreement. (*Ibid.*) It alleged, among other things, that MCC had acted as the "servicer of the loan and an agent" for the lender. (*Id.* at p. 39.) After the lender settled and MCC was voluntarily dismissed from the underlying lawsuit, MCC filed a malicious prosecution action against Security National and its president. (*Id.* at pp. 41–42.) On appeal from the denial of an anti-SLAPP motion filed by Security National and its president, the appellate court affirmed, concluding the facts before it were sufficient to show Security National and its president acted with malice. Those facts included: "appellants were notified no fewer than four different times that MCC was the wrong entity to sue" (*id.* at p. 49); they were repeatedly advised MCC was not an agent or servicer for the lender and it had never had any "'interest, role or relationship with respect to the loan'" at issue (*id.* at p. 40); and Security National had issued a "misleading press release" about the lawsuit, which contained a "misleading headline" that painted MCC in a negative light (*id.* at p. 50) and was issued just one week after one of MCC's affiliates had announced it would be making a $108 million initial public offering (*id.* at p. 40). On top of all that, the appellate court emphasized that not only had MCC's key witnesses denied entering into the challenged agreement, but that the trial court had found contemporaneous e-mail correspondence by Security National's president "*directly contradicted [his] statements under oath.*" (*Id.* at p. 49, italics added.) Moreover, there was no evidence Security National's attorney "did anything to research the applicable facts, or applicable law, before filing the cross-complaint" against MCC. (*Ibid.*)

The circumstances here are a far cry from those in *Medley*. Even accepting at this stage that American Financial was not involved in the alleged fraudulent scheme and Nguyen's initial sale of the Huntington Beach

18

property, American Financial did have an interest and involvement in the Huntington Beach property, and it fails to explain how it was completely meritless to name it as a party in the underlying action here.[10] As discussed, American Financial held the third deed of trust on the Huntington Beach property and Nguyen sought to extinguish that deed of trust in the underlying action. Moreover, American Financial does not point to any evidence here that is remotely akin to the evidence in *Medley* of a misleading public press release and contemporaneous e-mails directly contradicting the president's statements under oath. (*Medley, supra,* 17 Cal.App.5th at pp. 49–50.)

In sum, without evidence sufficient to support an inference that Nguyen and Younge acted with malice in the underlying action against American Financial, American Financial did not bear its burden of showing it has a probability of prevailing on its malicious prosecution claim. The trial court therefore did not err in granting the anti-SLAPP motions by Nguyen and Younge.

---

[10] Citing *Gruber v. Gruber* (2020) 48 Cal.App.5th 529, 540, American Financial asserts "information coming from American Financial must be assumed by this court to be true." Although we accept as true at this stage of the litigation American Financial's evidence—e.g., the fact that American Financial communicated certain information and denials to Nguyen's counsel—that does not create an inference under the circumstances here that Nguyen and Younge subjectively knew Nguyen's claims were totally and completely without merit but continued to prosecute the action.

## DISPOSITION

The order is affirmed. Respondents shall recover their costs on appeal.


GOODING, J.

WE CONCUR:


MOTOIKE, ACTING P. J.


SCOTT, J.